IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | |
|---|---|
| DR. WILLIAM FRANK ELDER-QUINTANA,<br>     PLAINTIFF,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION (FBI), CRIMINAL JUSTICE INFORMATION SERVICES (CJIS) DIVISION, UNITED STATES DEPARTMENT OF JUSTICE (DOJ), EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS (EOUSA), OFFICE OF INSPECTOR GENERAL (OIG) OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS), UNITED STATES ATTORNEY GENERAL, U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF TEXAS,<br>     DEFENDANTS. | CASE NO.: 3:25-cv-1345 |

**COMPLAINT FOR VIOLATION OF THE PRIVACY ACT OF 1974 (5 U.S.C. § 552a(g)), REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF, AND MONETARY DAMAGES**

I.   JURISDICTION AND VENUE

1. This Court has jurisdiction under 5 U.S.C. § 552a(g) (Privacy Act) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(e)(2) because Plaintiff's criminal prosecution (Case No. 3:16-cr-60-M), conviction, and subsequent administrative efforts to correct records occurred in Dallas, Texas.

II.   PARTIES

3. Plaintiff: Dr. William Frank Elder-Quintana is a resident of El Paso, Texas, and a licensed physician who has suffered severe professional, financial, emotional, and reputational harm due to Defendants' systemic failure to maintain accurate criminal records.

4. Defendants:

   a. Federal Bureau of Investigation (FBI) and Criminal Justice Information Services (CJIS) Division: Custodians of Plaintiff's inaccurate criminal records, located at 935 Pennsylvania Avenue, NW, Washington, DC 20535 (FBI) and 1000 Custer Hollow Road, Clarksburg, WV 26306 (CJIS).

   b. United States Department of Justice (DOJ) and Executive Office for United States Attorneys (EOUSA): Responsible for submitting and overseeing prosecutorial records, located at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

   c. Office of Inspector General (OIG) of the Department of Health and Human Services (HHS): Maintains exclusion lists and adverse actions based on faulty CJIS data, located at 330 Independence Avenue, SW, Washington, DC 20201.

   d. United States Attorney General: Head of the DOJ, responsible for ensuring compliance with federal law, located at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

   e. U.S. Attorney for the Northern District of Texas, responsible for ensuring compliance with federal law, located at 1100 Commerce Street, Third Floor, Dallas, TX 75242.

### III.  FACTUAL ALLEGATIONS

5. Indictment and Acquittal: On December 19, 2019, a jury acquitted Plaintiff of all healthcare fraud charges in *United States v. William Frank Elder-Quintana* (Case No. 3:16-cr-60-M), tried by the Honorable Barbara M.G. Lynn, Chief United States District Judge for the Northern District of Texas, Dallas Division.

6. Misdemeanor Conviction of Plaintiff: On July 8, 2021, the Honorable Juge Lynn entered judgment for a single misdemeanor violation of 42 U.S.C. § 1320d-6(a)(1) (Wrongful Use

of a Unique Health Identifier), imposing no court-ordered restitution. The Court recognized a voluntary payment of $325,000.00 paid before Judgement. The Court ordered the government not to pursue any collections.

7. On December 21, 2022, the Honorable Judge Lynn wrote a letter stating that…"Dr. William Frank Elder-Quintana was convicted in my court of a single count of Wrongful Use of a Unique Health Identifier, 42 U.S.C. § 1320d-6(a)(1) and (b)(1), a misdemeanor. Any system that reflects that this conviction was for a felony is incorrect."

8. Defendants' Record-Keeping Violations:

   a. Defendants EOUSA, FBI/CJIS, and OIG-HHS erroneously classified Plaintiff's conviction as felony healthcare fraud ("FRAUD 2699") and falsely reported a $325,555 voluntary payment and not court-ordered in restitution as delinquent.

   b. On July 19, 2021, Plaintiff submitted a formal correction request to the National Practitioners Database because EOUSA falsely reported Plaintiff's conviction as healthcare fraud, which was ignored in violation of 28 CFR § 16.34

   c. On January 19, 2022, Plaintiff submitted a formal correction request to the US DOJ Northern District of Texas, US Attorney's Office because DOJ falsely reported delinquency of the financial aspect of Dr Elder's case, which was ignored in violation of 28 CFR § 16.34.

   d. On November 1, 2022, Plaintiff submitted a formal correction request to the Executive Office for United States Attorneys, which was ignored in violation of 28 CFR § 16.34.

   e. On November 2, 2022, Plaintiff submitted a formal correction request to FBI/CJIS, which was ignored in violation of 28 CFR § 16.34.

9. Harm to Plaintiff:

   a. Exclusion from Federal Programs: OIG-HHS excluded Plaintiff from the List of Excluded Individuals/Entities (LEIE) and SAM.gov based on false felony classification and conviction of Fraud.

   b. Loss of Employment: Misinformation submitted to the National Practitioners Database (NPDB) and Termination from Federal Healthcare Programs resulted in immediate termination of employment, medical practice denial of hospital privileges, and contracting with commercial insurance carriers, resulting in over $3,500,000 in lost income.

   c. Credit Destruction: Credit agencies received false reports of a "publicly reported financial investigation," causing the immediate closing of accounts, loan denials, and financial instability.

   d. Emotional Distress: Diagnosed with PTSD and depression, requiring psychiatric treatment.

## IV.   LEGAL CLAIMS

FIRST CAUSE OF ACTION (VIOLATION OF THE PRIVACY ACT, 5 U.S.C. § 552a(g)(1))

10. Defendants violated 5 U.S.C. § 552a(e)(5) by failing to maintain accurate records, leading to adverse determinations.

11. Defendants acted willfully under § 552a(g)(4) by ignoring court orders and administrative requests.

SECOND CAUSE OF ACTION (REQUEST FOR DECLARATORY RELIEF)

12. Plaintiff seeks a judicial declaration that Defendants' records inaccurately classified his conviction as a felony and violated the Privacy Act.

THIRD CAUSE OF ACTION (REQUEST FOR INJUNCTIVE RELIEF)

13. Plaintiff requests the Court order Defendants to:

    a. Issue a DOJ Press Release: Publicly acknowledge Plaintiff's acquittal and CJIS error, publish the release on the DOJ website, and ensure search engine indexing.

    b. Remove Plaintiff from Exclusion Lists: OIG-HHS must remove Plaintiff from the LEIE (https://exclusions.oig.hhs.gov) and SAM.gov.

    c. Correct NPDB Records: Submit a Correction Report to the National Practitioner Data Bank (NPDB) to remove "conviction relating to fraud" and notify all credentialing entities since July 8, 2021.

    d. Issue a New NPI: Direct CMS to restore Plaintiff's eligibility for federal healthcare programs and issue a new NPI number.

    e. Notify Credit Agencies: Provide corrected records to Equifax, Experian, and TransUnion, confirming no delinquent debt or financial investigation.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1) A declaration that one or more of the Defendants' records violate the Privacy Act.

2) An injunction ordering Defendants to:

    a) Correct CJIS records and issue a DOJ press release.

    b) Remove Plaintiff from exclusion lists on OIG.hhs.gov and SAM.gov.

    c) Update NPDB records and issue a new NPI.

    d) Notify credit agencies and provide proof to the Court.

3) $3,500,000 or more in compensatory damages for harm to the family, lost income, credit harm, and medical costs under 5 U.S.C. § 552a(g)(4).

4) Attorneys' fees and costs under 5 U.S.C. § 552a(g)(4)(B).

5) Any further relief the Court deems just.

Respectfully submitted,

_____
Sam Snoddy
Attorney for Plaintiff
Texas Bar No. 18798000
1518 Montana Ave.
El Paso, Texas 79902
Tel: (915) 542-4287
Fax: (915) 533-7421
ssnoddy@aol.com
